UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY, 962 Wayne Ave, Suite 610 Silver Spring, MD 20910<br><br>    *Plaintiff*,<br><br>v.<br><br>ENVIRONMENTAL PROTECTION AGENCY 1200 Pennsylvania Avenue NW, Washington, DC 20004<br><br>    *Defendant*. | CIVIL ACTION NO. 22-801<br><br>COMPLAINT |

PRELIMINARY STATEMENT

1. Plaintiff Public Employees for Environmental Responsibility ("Plaintiff" or "PEER") brings this action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, *et seq.*, as amended, to compel the United States Environmental Protection Agency ("EPA" or "Defendant") to disclose documents requested pursuant to FOIA. Specifically, PEER is seeking documents related to EPA's Assistant Administrator Dr. Michal Freedhoff's announced decision to rebuild the "Safer Choice and Pollution Prevention programs."

2. PEER submitted a FOIA request in November 2021 seeking records demonstrating how EPA would rebuild the "Safer Choice and Pollution Prevention

programs." PEER's FOIA request built upon information in a November 3, 2021 email to Office of Chemical Safety and Pollution Prevention (OSCPP) staff.

3. To date, Defendant has failed to make a final determination on Plaintiff's FOIA request or to disclose to the Plaintiff all the requested documents within the time stipulated under FOIA. This complaint seeks to remedy EPA's failure to respond to a routine request within the mandated time period.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B). This Court also has federal question jurisdiction over this action under 28 U.S.C. § 1331.

5. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

6. This Court is a proper venue under 5 U.S.C. § 552(a)(4)(B) (providing for venue in FOIA cases where the plaintiff resides, or in the District of Columbia).

7. This Court has the authority to award reasonable costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

## PARTIES

8. Plaintiff PEER is a non-profit public interest organization incorporated in Washington, D.C. and headquartered in Silver Spring, Maryland, with field offices in California, Colorado, Florida, Massachusetts, and Tennessee.

9. Among other public interest projects, PEER engages in advocacy, research, education, and litigation relating to the promotion of public understanding and

debate concerning key current public policy issues. PEER focuses on the environment, including the regulation and remediation of toxic substances, public lands and natural resource management, public funding of environmental and natural resource agencies, and governmental accountability. PEER educates and informs the public through news releases to the media, through its web site, www.peer.org, and through publication of the *PEEReview* newsletter.

10. Defendant EPA is an agency of the United States under 5 U.S.C. § 552(f)(1).

11. Defendant is charged with the duty to provide public access to records in its possession consistent with the requirements of FOIA. Defendant's refusal to provide the Plaintiff with the records requested or make a final a determination on Plaintiff's FOIA request within 20 working days of the date of the request's submission is a violation of FOIA.

## STATEMENT OF FACTS

12. On November 3, 2021, EPA Assistant Administrator Dr. Michal Freedhoff sent an email to OCSPP staff announcing a decision to rebuild the "Safer Choice and Pollution Prevention Programs." She also stated that a new Safer Choice Program Branch would be created "with a branch chief, two team lead positions, and 12 staff positions."

13. On November 23, 2021, PEER submitted a FOIA request to EPA seeking "information for the basis for this decision." Specifically, PEER requested:

> 1) Decision documents showing that rebuilding the Safer Choices program would be a cost-effective investment of staff resources, including any records

reflecting why these new staff positions are a higher priority than addressing staff shortages hampering risk assessments for both new and existing chemicals required under the 2016 TSCA amendments (the Frank Lautenberg Act);

2) Records showing the overall monetary investment in dollars for the rebuilt Safer Choice and Pollution Prevention programs, with a delineation of how much will be spent during a full fiscal year for staff and what other expenses will be entailed;

3) Records showing which safer chemical substitutes have been identified as priorities for the new Safer Chemicals Program Branch;

4) Records showing any past success attributable to the Safer Choices effort; and

5) Records reflecting the expected nature and level of engagement with "the private sector as partners in reducing hazard and ensuring successful implementation of exposure reduction efforts", in the words of Dr. Freedhoff.

14. On November 24, 2021, EPA assigned this FOIA request tracking number EPA-2022-001121.

15. On December 1, 2021, EPA approved PEER's request for a FOIA fee waiver, acknowledging that PEER had a non-commercial public interest in the records

requested, and therefore finding that PEER would not need to pay any costs for production of the records.

16. Since the request was submitted, PEER has yet to receive any responsive records or a final determination on EPA-2022-001121.

## CAUSE OF ACTION

17. Plaintiff incorporates the allegations in the preceding paragraphs as though fully set forth herein.

18. FOIA requires federal agencies to respond to public requests for records, including files maintained electronically, to increase public understanding of the workings of government and to provide access to government information. FOIA reflects a "profound national commitment to ensuring an open Government" and agencies must "adopt a presumption in favor of disclosure." Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009).

19. FOIA obligates agencies to determine within 20 working days after the receipt of any FOIA request whether to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). Agencies may only extend this time period for an additional 10 working days in "unusual circumstances." 5 U.S.C. § 552(a)(6)(B)(i). FOIA also provides that upon request, agencies are to make records "promptly available." 5 U.S.C. § 552(a)(3)(A).

20. Twenty working days from November 23, 2021, was December 22, 2021.

21. As of the date of this filing, Plaintiff has not received a final determination on its FOIA request.

22. Administrative remedies are deemed exhausted when an agency fails to comply with the applicable time limits. 5 U.S.C. § 552(a)(6)(C)(i). Having exhausted its administrative remedies for its November 23, 2021, FOIA request, PEER now turns to this Court to enforce the remedies and public access to agency records guaranteed by FOIA.

23. Defendant's conduct amounts to a denial of Plaintiff's FOIA request. Defendant is frustrating Plaintiff's efforts to adequately understand and educate the public regarding EPA's decision to rebuild the "Safer Choice and Pollution Prevention programs."

24. Plaintiff has constructively exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i), and now seeks an order from this Court requiring the Defendant to immediately produce the records sought in Plaintiff's FOIA request, as well as other appropriate relief, including attorneys' fees and costs.

25. Defendant's failure to make determinations on or disclose the documents requested in Plaintiff's FOIA request within the time frame mandated under FOIA is a denial and wrongful withholding of records in violation of 5 U.S.C. § 552.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

i. Enter an order declaring that Defendant wrongfully withheld requested agency documents;

ii.  Issue a permanent injunction directing Defendant to disclose to Plaintiff all wrongfully withheld documents;

iii. Maintain jurisdiction over this action until Defendant is in compliance with FOIA, the Administrative Procedure Act, and every order of this Court;

iv. Award Plaintiff attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

v. Grant such additional and further relief to which Plaintiff may be entitled.

Respectfully submitted on March 23, 2022

/s/ Hudson Kingston
Hudson B. Kingston, DC Bar # 1007702

Monica I. Mercola
NY Bar No. 5875240
Public Employees for Environmental Responsibility
962 Wayne Ave, Suite 610
Silver Spring, MD 20910
(202) 265-7337
*Attorneys for Plaintiff*